IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRON CHAIRS, JR., | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 25-cv-368-SMY |
| WARDEN, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Darron Chairs, Jr. pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 1) (Doc. 25). He was sentenced to 24 months' imprisonment (Docs. 38, 43). Now pending before the Court is Chairs' Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Petition is **DENIED**.

### Background

In 2020, Chairs was charged by indictment with being a felon in possession of ammunition. Pursuant to a written plea agreement, Chairs pleaded guilty. He was sentenced in October 2020. Judgment was entered on October 29, 2020, and Chairs did not file a direct appeal. Chairs filed this action under 28 U.S.C. § 2255 on March 18, 2025, challenging his sentence based on the Illinois Supreme Court's holding in *People v. Aguilar*, 2 N.E.3d 321 (2013).

### Discussion

Chairs challenges his conviction based on the Illinois Supreme Court's decisions in *Aguilar*, which was decided in 2013. Specifically, he asserts the charge of being a felon in possession of ammunition was predicated in part on his December 2009 conviction of aggravated unlawful use of a weapon under 720 ILCS 5/24-1. He asserts he filed a petition in state court to

have that conviction voided, which was granted on January 26, 2023. Based on *Aguilar* and the state court's order voiding his 2009 conviction, Chairs moves to be resentenced.

Motions filed under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which begins to run from the latest of several possible dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(1)-(3). The § 2255 limitations period is procedural and can be equitably tolled if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999).

Chairs' habeas petition is untimely. *Aguilar* was decided seven years before he was sentenced. Moreover, even after the state court voided his 2009 conviction, Chairs did not move for habeas relief for an additional two years. He does not proffer any justification for filing his petition after the expiration of the statute of limitations, nor does he establish that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

Accordingly, Chairs' motion to vacate (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice** and judgment shall enter accordingly.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first obtain a certificate of

appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). This requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Chairs has not demonstrated that reasonable jurists would disagree with the Court's timeliness determination. Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED:  September 19, 2025**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**